FILED
CLERK

4/23/2019 1:35 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
-----------------------------X  Docket#
UNITED STATES OF AMERICA,      : 18-cr-543-SJF-AKT
                               :
     - versus -                : U.S. Courthouse
                               : Central Islip, NY
ISMAIL LATIF,                  :
                               : April 1, 2019
                 Defendant.    : 11:55 AM
-----------------------------X
```

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE A. KATHLEEN TOMLINSON
UNITED STATES MAGISTRATE JUDGE

A   P   P   E   A   R   A   N   C   E   S:


**For the Government**:        **Richard P. Donoghue, Esq.**
                               United States Attorney

                          BY:  **Charles N. Rose, Esq.**
                               Assistant U.S. Attorney
                               610 Federal Plaza
                               Central Islip, NY 11722


**For the Defendant**:         Federal Defenders of New York
                               770 Federal Plaza
                               Central Islip, NY 11722
                          BY:  **Tracey E. Gaffey, Esq.**




**Transcription Service**:     **Transcriptions Plus II, Inc.**
                               61 Beatrice Avenue
                               West Islip, New York 11795
                               laferrara44@gmail.com
                          BY:  **Jeanine Martelle**




Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

                         Proceedings

1            THE CLERK:  Calling criminal case 18-cr-543,

2    United States of America v Ismail Latif.

3            Please state your appearance for the record.

4            MR. ROSE:  For the government, Assistant United

5    States Attorney Charlie Rose.

6            Good morning, your Honor.

7            THE COURT:  Good morning.

8            MS. GAFFEY:  And for Ismail Latif,

9    Tracey Gaffey, Federal Defenders.

10           Good morning, your Honor.

11           THE COURT: Good morning.

12           Just a reminder, which I'm sure you're sick of

13   hearing, to counsel and that's to get on top of the

14   microphones, if you would, please, all right.

15           MR. ROSE:  Yes, your Honor.

16           MS. GAFFEY:  Yes, your Honor.

17           THE COURT:  Thank you.

18           All right.  You are Ismail Latif; is that

19   correct, sir?

20           THE DEFENDANT:  Yes, your Honor.

21           THE COURT:  Mr. Latif, before we get into the

22   business of your plea, there's just one thing I want to

23   go over with you first.

24           First of all, I have before me an Order of

25   Referral from Judge Feuerstein, who is the district judge

3

                          Proceedings

1   assigned to your case.  In this referral order, she says

2   that you've consented to have your plea entered here, and

3   that I'm to administer the allocution and to make a

4   finding as to whether your plea is knowingly and

5   voluntarily made and not coerced, and also then to make a

6   recommendation to her as to whether your plea should be

7   accepted.

8           Do you understand that?

9           THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Okay.  I see that you signed this

11  consent form, correct?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  I just want to make sure that you

14  understand that you have an absolute constitutional right

15  to have your plea entered before Judge Feuerstein; are

16  you aware of that?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Did you have a chance to talk about

19  this referral to Ms. Gaffey about it?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  All right.  And notwithstanding the

22  fact that you have the right to have your plea entered

23  before Judge Feuerstein, are you, nonetheless, agreeing

24  to proceed here before me this morning?

25          THE DEFENDANT:  Yes, your Honor.

4

Proceedings

1          THE COURT:  All right.  All right, then let's

2     proceed.

3          Mr. Latif, you're here today because the grand

4     jury has returned an indictment charging you with a

5     number of counts, which I'm going to go over with you

6     right now.

7          First of all, you're charged in count one with

8     conspiracy to distribute and possess with intent to

9     distribute a controlled substance -- controlled

10    substances I should say -- and, specifically, that in or

11    about and between November of 2017 and September of 2018,

12    here in the Eastern District of New York and elsewhere,

13    you're charged together with others with knowingly and

14    intentionally conspiring to distribute and possessing

15    with intent to distribute one or more controlled

16    substances, which offense involved, first of all, a

17    substance containing heroin, a Schedule I Controlled

18    Substance;

19          second, a substance containing;

20    N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl, as best as I

21    can make that out, propanamide, which is known as

22    fentanyl, a Schedule II Controlled Substance;

23          third, a substance containing an analogue of

24    fentanyl, here specifically, cyclopropylfentanyl, a

25    Schedule I Controlled Substance; and

5

Proceedings

1              fourth, a substance containing an analogue of

2    fentanyl, specifically here, 2-furanylbenzylfentanyl, a

3    Schedule I Controlled Substance, contrary to Title 21

4    United States Code § 841(a)(1).  The amount of

5    cyclopropylfentanyl and 2-furanylbenzylfentanyl involved

6    in a conspiracy that's attributable to you, as a result

7    of your own conduct and the conduct of other

8    co-conspirators reasonably foreseeable to you was, first

9    of all, 10 grams or more of a substance containing

10   cyclopropylfentanyl; and, secondly, 10 grams or more of a

11   substance containing 2-furanylbenzylfentanyl.

12             Do you understand that's what you're charged

13   with in count one?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Count two, and I understand your

16   plea is to count one, but I want to go through this for

17   the record, all right.

18             In count two you were charged with distribution

19   of 2-furanylbenzylfentanyl, and specifically on or about

20   May 14, 2018, here in the Eastern District of New York

21   and elsewhere, together with others, you are charged with

22   knowingly and intentionally distributing and possessing

23   with intent to distribute a controlled substance, which

24   offense involved a substance containing an analogue of

25   fentanyl, here specifically, 2-furanylbenzylfentanyl, a

6

Proceedings

1    Schedule I Controlled Substance.

2           Do you understand that's what you're charged

3    with in count two?

4           THE DEFENDANT:  Yes.

5           THE COURT:  Count three is for distribution of

6    2-furanylbenzylfentanyl, specifically here, that on or

7    about May 24, 2018, here in the Eastern District of

8    New York and elsewhere, together with others, you are

9    charged with knowingly and intentionally distributing and

10   possessing with intent to distribute a controlled

11   substance, which offense involved 10 grams or more of a

12   substance containing an analogue of fentanyl, here

13   specifically, 2-furanylbenzylfentanyl, a Schedule I

14   Controlled Substance.

15          Do you understand that's what you're charged

16   with in count three?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  In count four, distribution of

19   2-furanylbenzylfentanyl, you're charged specifically with

20   on or about June 25, 2018, here in the Eastern District

21   of New York and elsewhere, together with others, you are

22   charged with knowingly and intentionally distributing and

23   possessing with intent to distribute a controlled

24   substance, which offense involved 10 grams or more of a

25   substance containing an analogue of fentanyl, here

7

Proceedings

1   specifically, 2-furanylbenzylfentanyl, a Schedule I

2   Controlled Substance.

3          Do you understand that's what you're charged

4   with in count four?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  All right.  Now, have you had a

7   chance to review the indictment and these charges with

8   Ms. Gaffey as your attorney?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Ms. Gaffey, have you reviewed the

11   indictment with Mr. Latif?

12          MS. GAFFEY:  I have, your Honor.

13          THE COURT:  Do you have any concern about

14   whether or not he understands what the charges are

15   against him?

16          MS. GAFFEY:  I do not.

17          THE COURT:  Do you want me to read the full

18   indictment out loud?

19          MS. GAFFEY:  No, your Honor.

20          THE COURT:  Is Mr. Latif prepared to plead?

21          MS. GAFFEY:  Yes, he is.

22          THE COURT:  All right.  As I said earlier, my

23   understanding is that he is going to be entering a plea

24   to count one only, correct?

25          MS. GAFFEY:  Correct.

8

                        Proceedings

1              THE COURT:  Mr. Latif, what is your plea with

2    respect to count one?

3              THE DEFENDANT:  Guilty.

4    (Pause in proceedings.)

5              THE COURT:  All right.  Well, I apologize.  I

6    think I just arraigned him a second time, so we'll

7    proceed with the plea, all right.  All right, and it's

8    only Monday morning, but let's go ahead, all right.

9              Mr. Latif, before hearing your plea and making

10   a recommendation to Judge Feuerstein, there are a number

11   of questions that I must ask you to insure that this is a

12   valid plea.  If for some reason, you don't understand one

13   or more of the questions I'm about to ask you, please let

14   Ms. Gaffey know that in some way or raise your hand and

15   let me know, and I will try to reword the question in a

16   way that you can answer it.

17             Do you understand that?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  And you're willing to do that?

20   You're willing to do that?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Okay, all right.

23             Madam Clerk, would you please swear in

24   Mr. Latif.

25             THE CLERK:  Please stand and raise your right

9

Proceedings

1    hand.

2    I S M A I L   L A T I F,

3         called as a witness, having been first duly sworn,

4         was examined and testified as follows:

5              THE COURT:  Have a seat, please.

6              Mr. Latif, do you understand that having been

7    sworn now, your answers to my questions will be subject

8    to the penalties of perjury or making a false statement,

9    if you do not answer them truthfully?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  What is your full name?

12             THE DEFENDANT:  Ismail Latif.

13             THE COURT:  How old are you?

14             THE DEFENDANT:  Thirty-two.

15             THE COURT:  Are you a citizen of the

16   United States?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  What is the highest level of

19   schooling or education that you have completed?

20             THE DEFENDANT:  Eleventh grade.

21             THE COURT:  Are you now or have you recently

22   been under the care of a physician or a psychiatrist?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  Okay.  Which one is it or is it

25   both?

Proceedings

1          THE DEFENDANT:  Psychiatrist.

2          THE COURT:  Okay.  Are you presently taking any

3  medication?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Can you tell the court what it is

6  you were prescribed?

7          THE DEFENDANT:  Remeron.

8          THE COURT:  Anything else?

9          THE DEFENDANT:  No, your Honor.

10         THE COURT:  Is there anything about your taking

11  that medication that would impair your ability here this

12  morning to answer my questions fully and completely and

13  truthfully?

14         THE DEFENDANT:  No.

15         THE COURT:  All right.  Ms. Gaffey, are you

16  aware of any concerns with respect to the medication

17  impacting what Mr. Latif is doing here today?

18         MS. GAFFEY:  No, your Honor.

19         THE COURT:  All right.  Now, other than the

20  Remeron that you just mentioned that you've been

21  prescribed, in the last 24 hours, other than that drug,

22  have you taken any narcotic drugs, medicine or pills, or

23  drank any alcoholic beverage?

24         THE DEFENDANT:  No, your Honor.

25         THE COURT:  Have you ever been hospitalized or

Proceedings

1   treated for narcotics addiction?

2            THE DEFENDANT:  Yes, your Honor.

3            THE COURT:  How long ago was your last

4   hospitalization?

5            THE DEFENDANT:  Two years ago.

6            THE COURT:  All right, so we sufficiently moved

7   on from that period of time?

8            THE DEFENDANT:  Yes.

9            THE COURT:  Correct?

10           THE DEFENDANT:  Yes, your Honor.

11           THE COURT:  All right.  The Remeron is not

12  treating you for any type of narcotics addiction,

13  correct?

14           THE DEFENDANT:  No, your Honor.

15           THE COURT:  All right.  Now, is your mind clear

16  as you sit here this morning?

17           THE DEFENDANT:  Yes.

18           THE COURT:  Do you understand what is going on

19  here in the courtroom?

20           THE DEFENDANT:  Yes, your Honor.

21           THE COURT:  All right.

22           Ms. Gaffey, have you discussed this matter with

23  Mr. Latif?

24           MS. GAFFEY:  I have, your Honor.

25           THE COURT:  Does he understand the rights that

Proceedings

1    he would be waiving by pleading guilty here?

2              MS. GAFFEY:  Yes, he does.

3              THE COURT:  To the best of your knowledge, is

4    he capable of understanding the nature of these

5    proceedings?

6              MS. GAFFEY:  Yes, he is.

7              THE COURT:  Do you have any doubt as to

8    Mr. Latif's competency to plead at this time?

9              MS. GAFFEY:  I do not.

10             THE COURT:  Mr. Latif, you have a right to

11   plead not guilty; do you understand that?

12             THE DEFENDANT:  Yes.

13             THE COURT:  If you plead not guilty, under the

14   constitution and laws of the United States, you are

15   entitled to a speedy and public trial by a jury with the

16   assistance of counsel on the charges.

17             Do you understand that?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  At the trial you would be presumed

20   to be innocent, and the government would have to overcome

21   that presumption and prove you guilty by competent

22   evidence and beyond a reasonable doubt, and you would not

23   have to prove that you are innocent.  If the government

24   failed, the jury would have the duty to find you not

25   guilty.

13

Proceedings

1        Do you understand that?

2        THE DEFENDANT:  Yes, your Honor.

3        THE COURT:  In the course of the trial, the

4  witnesses for the government have to come to court and

5  testify in your presence, and your counsel has the right

6  to cross examine the witnesses for the government, to

7  object to evidence offered by the government, and to

8  offer evidence on your behalf.

9        Do you understand that?

10        THE DEFENDANT:  Yes.

11        THE COURT:  You also have the right to compel

12  the attendance of witnesses at the trial.

13        Do you understand that as well?

14        THE DEFENDANT:  Yes, your Honor.

15        THE COURT:  At the trial, while you would have

16  the right to testify if you choose to do so, you would

17  not be required to testify.  Under the Constitution of

18  the United States, you cannot be compelled to incriminate

19  yourself.  If you decided not to testify, the court would

20  instruct the jury that they could not hold that against

21  you.

22        Do you understand that?

23        THE DEFENDANT:  Yes, your Honor.

24        THE COURT:  If you plead guilty, and if I

25  recommend to Judge Feuerstein that the plea be accepted,

14

Proceedings

1  you will be giving up your constitutional rights to a

2  trial and all the other rights that I have just discussed

3  with you.  There will be no further trial of any kind and

4  no right to appeal or collaterally attack, or at any time

5  question whether you are guilty or not.  A judgment of

6  guilty will be entered on the basis of your guilty plea,

7  and that judgment could never be challenged.  However,

8  you have the right to appeal with respect to the

9  sentence.

10            Do you understand that?

11            THE DEFENDANT:  Yes, your Honor.

12            THE COURT: If you plead guilty, Mr. Latif, I'll

13  have to ask you some questions about what you did, in

14  order to satisfy myself that you are guilty of the charge

15  to which you are seeking to plead guilty, and you will

16  have to answer my questions and acknowledge your guilt.

17  Therefore, you will be giving your right not to

18  incriminate yourself.

19            Do you understand that?

20            THE DEFENDANT:  Yes.

21            THE COURT:  Mr. Latif, are you willing to give

22  up your right to a trial and the other rights that I just

23  discussed with you?

24            THE DEFENDANT:  Yes, your Honor.

25            THE COURT:  All right.  I have before me what's

15

Proceedings

1  been handed up as your plea agreement, which we have now

2  marked as Court Exhibit 1.

3          Did you have the opportunity to review the plea

4  agreement with your attorney, Ms. Gaffey?

5          THE DEFENDANT:  Yes.

6          THE COURT:  I see that you signed the

7  agreement; is that correct?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Did you have enough time to discuss

10  the agreement with Ms. Gaffey?

11          THE DEFENDANT:  Yes.

12          THE COURT:  All right.  I'm going to ask the

13  government then, Mr. Rose, if you would, to list whether

14  there's any waiver of appeal or other waiver of rights

15  contained in the plea agreement.

16          MR. ROSE:  Certainly, your Honor.

17          The defendant agrees to waive his rights to

18  appeal or otherwise challenge his conviction or sentence,

19  in the event that the court imposes a term of

20  imprisonment at or below 262 months.  There's additional

21  waivers of additional discovery and some waivers that

22  pertain to some defenses, if the plea is somehow vacated

23  later on, but the chief waiver is the waiver of right to

24  appeal, your Honor.

25          THE COURT:  Okay.  Mr. Latif, have you had the

16

Proceedings

1   opportunity to review the waivers that are in this plea

2   agreement?

3           MS. GAFFEY:  Your Honor, may I just have one

4   moment?

5           THE COURT:  Sure.

6   (Pause in proceedings.)

7           MS. GAFFEY:  Thank you, your Honor.

8           THE COURT:  All right.  So I had asked,

9   Mr. Latif, if you had the opportunity to review the

10  waivers that are contained in this plea agreement?

11          THE DEFENDANT: Yes.

12          THE COURT:  Did you go over them with

13  Ms. Gaffey?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  All right.  I just want to draw

16  attention for a moment to the waiver that's in paragraph

17  three because it's very important.

18          This basically says that you are agreeing that,

19  if Judge Feuerstein sentences you to a term of

20  incarceration that's either 262 months or less than that,

21  that, in effect, you're giving up your right to file an

22  appeal and also your right to bring a petition under

23  Section 2255, and I want to make sure that you understand

24  that provision.

25          THE DEFENDANT:  Yes.

17

Proceedings

1          THE COURT:  You do, all right.  Again, did you

2    have a sufficient opportunity to discuss this with

3    Ms. Gaffey?

4          THE DEFENDANT:  Yes.

5          THE COURT:  All right.  Now, your counsel has

6    confirmed that you are going to be entering a plea of

7    guilty to count one of the indictment, and so, Mr. Rose,

8    I'm going to call on you once again, if you would,

9    please, to outline the elements of the crime that's

10   charged in count one.

11         MR. ROSE:  Certainly, your Honor.

12         The government would have to prove at trial

13   that on or about and between November 2017 and September

14   2018, that the defendant, together with others, within

15   the Eastern District of New York, conspired to distribute

16   and possess with intent to distribute controlled

17   substances.  Specifically, the conspiracy involved

18   heroin, fentanyl, and two analogues of fentanyl: one

19   being cyclopropylfentanyl, which is a Schedule I

20   Controlled Substance; and another analogue of fentanyl,

21   2-furanylbenzylfentanyl, another Schedule I Controlled

22   Substance.

23         The amounts that the conspiracy involved with

24   respect to each of those two fentanyl analogues, the

25   cyclopropylfentanyl and the 2-furanylbenzylfentanyl was

18

Proceedings

1    over 10 grams of each of those substances.

2                THE COURT:  All right, thank you.

3                So, Mr. Latif, you just heard the prosecutor

4    outline the elements of the crime with which I'm told

5    you're going to enter a guilty plea.

6                First of all, do you understand those elements?

7                THE DEFENDANT:  Yes, your Honor.

8                THE COURT:  Again, did you have the opportunity

9    to discuss them with Ms. Gaffey?

10               THE DEFENDANT:  Yes.

11               THE COURT:  I want to take a minute now to go

12   over the terms of your plea agreement.

13               First of all, under the statute that applies in

14   these circumstances with respect to this count one, the

15   maximum term of imprisonment that Judge Feuerstein could

16   impose here is a period of forty years.

17               Do you understand that?

18               THE DEFENDANT:  Yes.

19               THE COURT:  Under the same statute, the minimum

20   term of imprisonment that Judge Feuerstein could impose

21   is five years.

22               Do you understand that as well?

23               THE DEFENDANT:  Yes.

24               THE COURT:  If Judge Feuerstein imposes a term

25   of incarceration, she's required to also then impose a

19

Proceedings

1  term of supervised release.  Here, the minimum term of

2  supervised release is four years.  The maximum period of

3  supervised release is life.

4          Do you understand that?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  That is to follow on any term of

7  imprisonment.  If you were to violate a condition of your

8  supervised release, you could be sentenced to up to three

9  years without any credit for pre-release imprisonment or

10  time previously served on post-release supervision.

11          Do you understand that?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  That is, I know, a complicated, or

14  I should say, at least a long sentence, and I want to

15  make sure you had the chance to discuss that with

16  Ms. Gaffey, did you?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  All right.  Under the statute that

19  applies here, as well, there is a maximum fine attached

20  to the plea to this count.  That maximum fine is

21  $5 million; are you aware of that?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  And you understand that?

24          THE DEFENDANT:  Yes.

25          THE COURT:  All right.  There is also a $100

20

Proceedings

1   special assessment attached to the entry of your guilty

2   plea.  That is, essentially, in the form of an

3   administrative fee that has to be paid in the short term.

4           Do you understand that as well?

5           THE DEFENDANT:  Yes, your Honor.

6           THE COURT:  All right.

7           Mr. Latif, did you have a opportunity to speak

8   with Ms. Gaffey about the federal sentencing guidelines?

9           THE DEFENDANT:  Yes.

10          THE COURT:  Under a specific supreme court

11  decision, the federal sentencing guidelines have been

12  declared to be advisory only and not mandatory.  In other

13  words, Judge Feuerstein must consider the federal

14  sentencing guideline range, but she's not compelled to

15  sentence you within that range.

16          Do you understand that?

17          THE DEFENDANT:  Yes.

18          THE COURT:  After considering the federal

19  sentencing guideline range, Judge Feuerstein must

20  consider all the other factors in your case.  She must

21  consider the statutory reasons for sentencing, and those

22  include, first of all, the nature and characteristics of

23  the offense and the history and characteristics of you as

24  the defendant;

25          number two, she has to consider the need for

21

Proceedings

1    the sentence imposed to reflect the seriousness of the

2    offense, to promote respect for the law, and to provide

3    just punishment for the offense;

4              third, she has to consider the need to afford

5    deterrence as to other criminal conduct; and

6              four, she has to consider the need to protect

7    the public from further crimes that you might commit.

8              Once Judge Feuerstein has considered the

9    federal sentencing guideline range and all the other

10   circumstances that I just described to you, her job at

11   that point is to determine a sentence that is reasonable,

12   taking all of those factors into account.

13             Do you understand that?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Mr. Latif, do you also realize that

16   if the sentence that Judge Feuerstein imposes here is

17   more severe than what you might have expected, you will,

18   nonetheless, be bound by your guilty plea, and you will

19   not be permitted to withdraw it.

20             Do you understand that?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Okay.  Mr. Latif, do you have any

23   questions that you'd like to ask me about the charge, or

24   your rights, or anything else relating to this matter?

25             THE DEFENDANT:  No.

22

Proceedings

 1          THE COURT:  Okay.  Are you ready to plead?

 2          THE DEFENDANT:  Yes.

 3          THE COURT:  Ms. Gaffey, do you know of any

 4  legal reason why Mr. Latif should not plead guilty

 5          MS. GAFFEY:  No, your Honor.

 6          THE COURT:  Mr. Latif, are you satisfied with

 7  your legal representation up to this point?

 8          THE DEFENDANT:  Yes.

 9          THE COURT:  Do you feel that your attorney has

10  done a good job?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Mr. Latif, what then is your plea

13  to count one of the indictment, conspiracy to distribute

14  and possess with intent to distribute controlled

15  substances?  What is your plea?

16          THE DEFENDANT:  Guilty.

17          THE COURT:  Are you making the plea of guilty

18  voluntarily and of your own free will?

19          THE DEFENDANT: Yes.

20          THE COURT:  Has anyone threatened you or forced

21  you in any way to get you to plead guilty?

22          THE DEFENDANT:  No.

23          THE COURT:  Other than the agreement with the

24  government, which we have marked now as Court Exhibit 1

25  -- that's your plea agreement -- other than that

23

Proceedings

1   agreement, has anybody made any promises to you that

2   caused you to plead guilty?

3              THE DEFENDANT:  No.

4              THE COURT:  Has anyone made any promise to you

5   as to what your sentence will be?

6              THE DEFENDANT:  No.

7              THE COURT:  Now, bear with me, Mr. Latif.

8              Did you as charged in count one of the

9   indictment, conspiracy to distribute and possess with

10  intent to distribute controlled substances, did you on

11  about and between November of 2017 and September of 2018,

12  here in the Eastern District of New York and elsewhere,

13  together with others, did you knowingly and intentionally

14  conspire to distribute and possess with intent to

15  distribute one or more controlled substances, which

16  offense involved, first of all, a substance containing

17  heroin, a Schedule I Controlled Substance;

18             second, a substance containing

19  N-phenyl-N[1-(2-phenylethyl)-4-piperidinyl] propanamide,

20  meaning fentanyl, a Schedule II Controlled Substance;

21             third, a substance containing an analogue of

22  fentanyl, specifically, cyclopropylfentanyl, a Schedule I

23  Controlled Substance;

24             and fourth, a substance containing an analogue

25  of fentanyl, here specifically, 2-furanylbenzylfentanyl,

Proceedings

1   a Schedule I Controlled Substance, contrary to Title 21

2   United States Code § 841(a)(1).

3            The amount of cyclopropylfentanyl and

4   2-furanylbenzylfentanyl involved in the conspiracy

5   attributable to you, as a result of your own conduct and

6   the conduct of other conspirators, reasonably foreseeable

7   to you was 10 grams or more of a substance containing

8   cyclopropylfentanyl and 10 grams or more of a substance

9   containing 2-furanylbenzylfentanyl.

10           Did you commit those acts?

11           THE DEFENDANT:  Yes, your Honor.

12           THE COURT:  All right.  Mr. Latif, I'm going to

13   need you now, if you would, please, to describe in your

14   own words what you did in connection with the conduct

15   that's charged in count one of the indictment.

16           THE DEFENDANT:  Between '17 and '18, November,

17   I conspired with others to sell fake Oxycontin pills that

18   they contained 10 grams or more of a controlled

19   substance.  On different dates, I did sell fake Oxycontin

20   pills to a confidential informant containing 10 grams or

21   more in Suffolk County -- 10 grams or more of a

22   controlled substance, and this happened in Suffolk

23   County.

24           THE COURT:  All right.  Let me just ask a

25   couple of questions.

25

Proceedings

1          First of all, did you enter into a conspiracy

2    with other people to perform these acts?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Did these acts take place here in

5    the Eastern District of New York?  I know I just heard

6    you mention Suffolk County.

7          THE DEFENDANT:  Yes.

8          THE COURT:  With respect to the substance

9    containing heroin here, as well as the fentanyl

10   substances that are described here in count one, you are

11   agreeing that you committed each of those acts; is that

12   correct?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  At the time you committed those

15   acts you were aware that, that was against the law; is

16   that correct?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  You also acknowledge that with

19   respect to the amount of drugs that are attributable to

20   you as part of this conspiracy was 10 grams or more of a

21   substance containing cyclopropylfentanyl and 10 grams or

22   more of a substance containing 2-furanylbenzylfentanyl;

23   is that correct?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  All right.  Do you need anything

Proceedings

1   else, Mr. Rose?

2           MR. ROSE:  No, your Honor.

3           THE COURT:  All right.  Mr. Rose, I'm going to

4   ask you now, once again on behalf of the government, if

5   you would, to outline the proof in this case, if the case

6   were to go to trial.

7           MR. ROSE:  Certainly, your Honor.

8           During the dates of the indictment, the

9   government investigated the defendant and co-conspirators

10  who were conspiring to sell to fake Oxycodone pills in

11  Suffolk County.  The pills contained analogues of

12  fentanyl.  They were manufactured here on Long Island.

13  The fentanyl analogues involved were cyclopropylfentanyl

14  and 2-furanylbenzylfentanyl.  The conspiracy involved

15  more than 10 grams of each of those substances.

16          And during the course of the investigation, the

17  agents were able to obtain from the defendant and

18  co-conspirators the fake Oxycodone pills that contained

19  the fentanyl analogues.  The agents also recovered from

20  the defendant quantities of heroin and straight-up

21  fentanyl that are both named in count one.

22          The government would put evidence on at trial

23  showing that the fentanyl analogues are indeed Schedule I

24  Controlled Substances.  The government has drug labs that

25  confirmed they are what they purport to be.

27

Proceedings

1    The government would put forth the fake

2    Oxycodone pills that were recovered during the course of

3    the investigation.  There would also be the recordings of

4    the interactions between the defendant and co-

5    conspirators and the confidential informant.

6    The government would also introduce testimony

7    from the agents and potentially co-conspirators regarding

8    the nature of the conspiracy.

9    THE COURT:  All right, thank you.

10   Based upon the information that's been

11   given to me by the government, as well as by Mr. Latif

12   and his counsel, Ms. Gaffey, I find that the defendant

13   Ismail Latif is acting voluntarily, that he fully

14   understands his rights and the consequences of his plea,

15   and that there is, indeed, a factual basis for the plea.

16   I am , therefore, recommending to

17   Judge Feuerstein that the plea of guilty to count one of

18   the indictment be accepted.

19   Now, is there anything further from the

20   government?

21   MR. ROSE:  No, your Honor.  Thank you.

22   THE COURT:  Ms. Gaffey, anything further on

23   behalf of Mr. Latif?

24   MS. GAFFEY:  No, your Honor.  Thank you.

25   THE COURT:  All right, we are concluded then.

Transcriptions Plus II, Inc.

28

# C E R T I F I C A T E

I, ROSALIE LOMBARDI, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **7th** day of **April**, 2019.



Rosalie Lombardi
Transcription Plus II